## UNITED STATES DISTRICT COURT
### DISTRICT OF CONNECTICUT

2010 MAY 11  PM 12: 34

| | |
|---|---|
| **JEFF NOLAN**<br>    **Plaintiff** ) | **CIVIL ACTION** |
| ) | **COMPLAINT** 3:10CV720 |
| **v.** ) | CSH |
| ) | **JURY TRIAL** |
| ) | **CLAIMED** |
| **NCO FINANCIAL SYSTEMS, INC.** ) | |
|    **Defendant** ) | **MAY 7, 2010** |

### COMPLAINT

### I. INTRODUCTION

1.  This is a suit brought by a consumer who has been harassed and abused by Defendant collection agency. This action is for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. § 42-110a et seq., and for intentional infliction of emotional distress.

### II. PARTIES

2.  The plaintiff, Jeff Nolan, is a natural person residing in New Britain, Connecticut.

3.  The defendant, NCO Financial Systems, Inc., ("NCO"), is a Pennsylvania corporation and is licensed by the Connecticut Department of Banking as a Consumer Collection Agency.

### III. JURISDICTION

4.  Jurisdiction in this Court is proper pursuant to 15 U.S.C. § 1692k(d), 28 U.S.C. §§ 1331 and 1337, and Fed. R. Civ. P. 18(a).

5. This Court has jurisdiction over NCO because it engages in debt collection activities within Connecticut.

6. Venue in this Court is proper, as the Plaintiff is a resident of Connecticut and the acts complained of occurred in this state.

## IV. FACTUAL ALLEGATIONS

7. NCO began contacting Plaintiff in an attempt to collect a debt.

8. On or around December 28, 2009, NCO called and spoke with Plaintiff and demanded payment from him, and when Plaintiff explained that he did not have to money to pay NCO, NCO called him a liar.

9. On or around December 29, 2009, NCO called and left a message with Plaintiff's father-in-law.

10. Subsequent thereto, Plaintiff called and spoke with NCO, and NCO told Plaintiff that they knew that his wife worked for a bank, and that if he did not pay NCO as demanded, then NCO would call Plaintiff's wife's workplace.

## V. COUNT ONE

### Fair Debt Collection Practices Act

11. Plaintiff incorporates Paragraphs 1- 10

12. NCO violated the FDCPA, 15 U.S.C. § 1692c(b) by calling Plaintiff's father-in-law without authorization.

13. NCO violated FDCPA § 1692d by harassing and abusing Plaintiff as described above.

14. For NCO's violations of the FDCPA as described above, the Plaintiff is entitled to recover his actual damages (including emotional distress related damages),

2

statutory damages of $1,000.00, and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k.

## VI. COUNT TWO

### Connecticut Unfair Trade Practices Act

15. Plaintiff incorporates Paragraphs 1-10.

16. NCO violated CUTPA by its debt collection activities described above.

17. NCO's acts as described above were unfair, immoral, unethical, oppressive and unscrupulous and such as such to cause substantial injury to consumers.

18. The plaintiff has sustained an ascertainable loss as a result of NCO's acts.

19. NCO is liable to Plaintiff for his actual damages, attorney's fees and costs, and punitive damages pursuant to Conn. Gen. Stat. § 42-110g.

## VII. COUNT THREE

### Intentional Infliction of Emotional Distress

20. Plaintiff incorporates Paragraphs 1-10.

21. NCO knew, or reasonably should have known, that its actions would likely cause emotional distress to Plaintiff.

22. NCO's actions did cause Plaintiff to suffer emotional distress, embarrassment, shame, stress, and anxiety.

23. NCO's actions were willful, wanton and malicious, in that they intended to cause Plaintiff distress to induce him to pay the debt, in hopes that Plaintiff would pay in order to relieve the stress.

3

24. **NCO is liable to Plaintiff for his damages.**

WHEREFORE, the Plaintiff prays for the following relief:

Monetary damages related to Plaintiff's emotional distress; actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. § 1692k; monetary damages pursuant to Conn. Gen. Stat. §42-110g; punitive damages pursuant to Conn. Gen. Stat. § 42-110g; attorney's fees and costs pursuant to Conn. Gen. Stat. § 42-110g, and such other relief as this Court deems appropriate.

**PLAINTIFF, JEFF NOLAN**

By: _____
Daniel S. Blinn, ct02188
Matthew W. Graeber, ct27545
dblinn@consumerlawgroup.com
Consumer Law Group, LLC
35 Cold Spring Rd. Suite 512
Rocky Hill, CT  06067
Tel. (860) 571-0408; Fax. (860) 571-7457